IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT COOK, et al.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PHILADELPHIA, et al.<br><br>　　　　　Defendants. | Civil Action No. 04-2173 |

MEMORANDUM/ORDER

October 12, 2005

　　　　Currently before the Court are two motions to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) made by defendants City of Philadelphia, District Attorney Lynne Abraham, former District Attorney Ronald Castille, and former Assistant District Attorney Jack McMahon (#24, 26).

　　　　Plaintiffs Robert Cook and Marvin Spence bring this civil action for monetary damages against defendants pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. They centrally allege that the City of Philadelphia and members of the Philadelphia District Attorney discriminated based on race and gender in jury

selection decisions that led to the imposition of sentences of imprisonment and death in contravention of Cook and Spence's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Plaintiffs further argue that the illegal jury selection issues were a direct result of improper training and policies put into effect in the Philadelphia District Attorney's Office.  Additionally, plaintiffs claim that the District Attorney's Office has been constitutionally deficient in failing to monitor the jury selection process, failing to provide adequate funding for investigation of corruption among the Assistant District Attorneys, failing to discipline for known corruption, failing to investigate charges of biased jury selection, and concealing exculpatory information in plaintiffs' cases.  Plaintiffs also present claims under Pennsylvania law.

Plaintiff Cook takes exception to the prosecution of two of his cases.   The first challenge arises out of his trial and conviction in 1988 for shooting and killing an individual in connection with a drug deal.  Cook then filed two petitions for relief under the Pennsylvania Post Conviction Relief Act ("PCRA").  Both petitions were eventually dismissed, and Cook's appeals were rejected.  In 2003, Cook filed a writ of habeas corpus in this court before Judge Herbert Hutton.  Judge Hutton dismissed Cook's petition for a writ of habeas in May 2005.  *See Cook v. Beard*, No. 03-5324, Docket.  Second, Cook objects to a separate

conviction before a jury – also in 1988 – for murdering an individual in connection with a robbery. Cook's PCRA petition was rejected for this conviction as well, but he was granted a new penalty hearing for issues unrelated to those now before this court.

Plaintiff Spence takes exception to the prosecution leading to his conviction in 1988 for murder arising out of a drug-deal relationship. Spence's PCRA petition was granted on March 22, 2004, and he currently is awaiting retrial.

Discussion:

"A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and drawing all reasonable factual inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would warrant relief." *Cal. Pub. Employees' Retirement Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004). A court may only consider the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993). However, a complaint's "bald assertions" or "legal conclusions" are not credited. *Id*.

I.  Cook's Two Convictions

Cook claims, *inter alia*, that both his trials were tainted by illegal racial and gender discrimination in jury selection. *Batson v. Kentucky*, 476 U.S. 79 (1986), stands for the proposition that the prosecution violates the Equal Protection Clause of the Fourteenth Amendment when it exercises a peremptory challenge in a racially discriminatory way. The consequence of finding a *Batson* violation is vacating the conviction because a conviction cannot stand if not reached by an "indifferently chosen" jury. *See Batson*, 476 U.S. at 87; *see also Riley v. Taylor*, 277 F.3d 261, 294 (3d Cir. 2001); *Johnson v. Love*, 40 F.3d 658, 668 (3d Cir. 1994). Thus, if it were demonstrated that the prosecution in Cook's case engaged in racial and gender discrimination in the selection of these two juries, Cook's convictions would have to be vacated.

Generally, claims for monetary damages that necessarily imply the invalidation of the underlying conviction are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus, 28 U.S.C. § 2254.

Here, Cook has not shown that his first underlying conviction has been reversed, expunged, declared invalid, or called into question. Therefore, Cook's money damage claims that *Batson* and other violations resulted in his first conviction fall within the range of claims that would "render a conviction or sentence invalid" if proven, and are precluded by *Heck*.

Similarly, Cook's claims of improper jury selection arising out of his second conviction are also *Heck* barred. Under Pennsylvania's PCRA, Cook has been granted a new hearing for the penalty phase of this trial. However, in situations where the validity of a *future* sentence would necessarily be compromised by plaintiff's civil rights action, *Heck* continues to apply. In *Smith v. Holtz*, 87 F.3d 108, 112-13 (3d Cir. 1996), the court held that "a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." The basis for this decision was concern that if plaintiffs making claims for money damages were allowed to pursue these claims while criminal proceedings against them remained open, "there would be potential for inconsistent determinations in the civil and criminal cases and [plaintiffs] would be able to collaterally attack the prosecution in a civil suit." *Id*. at 113.

This principle applies to the instant case. If Cook were to prevail on his

5

claims for money damages, the conviction underlying any sentence for the robbery-murder would necessarily be invalidated. That is, no matter what future sentence may be imposed upon Cook at his new hearing, success on his jury discrimination claims would appear to render that sentence moot. Therefore, here, as in *Smith*, *Heck* also bars Cook's money damage claims insofar as they are connected to either the underlying robbery-murder conviction or his impending sentence.

II.    <u>Spence's Conviction</u>

Defendants argue that Spence's jury claims are also precluded by *Heck*. Unlike Cook, however, Spence has been granted a new trial to rehear the merits of the case underlying his conviction. Therefore, as contemplated by the *Heck* Court, Spence's conviction has been "declared invalid by a state tribunal authorized to make such determination," and he would not be obviously barred from bringing his money damages claims under the *Heck* rationale. *Heck*, 512 U.S. at 486-87.

The fact of Spence's new trial notwithstanding, *Heck* continues to apply because success on Spence's claims here would necessarily imply the invalidation of any future conviction that results in his re-trial. In *Smith*, the plaintiff claimed that various state investigators and the Pennsylvania Attorney General's Office had suppressed exculpatory evidence. As a result, the Court of Appeals concluded

that "had [the plaintiff] brought these claims before September 18, 1992, when the Pennsylvania Supreme Court ordered the charges against him dismissed, success on these claims would have necessarily implied the invalidity of any future conviction on the still pending criminal charges." 87 F.3d at 112. In Spence's case, the jury selection claims would not necessarily invalidate any future trial heard by a properly impaneled jury, but, as in *Smith*, Spence's claims of conspiracy and withholding of exculpatory evidence would invalidate any possible conviction that might arise out of the new trial. Therefore, Spence's civil monetary damages claims are also presently barred under *Heck*.[1]

Accordingly, for the reasons stated above, it is hereby **ORDERED** that defendants' two motions to dismiss (#24, 26) are **GRANTED** and Cook's and Spence's complaint (#16) is **DISMISSED WITH PREJUDICE**.

BY THE COURT:



LOUIS H. POLLAK           J.

---

[1] Because *Heck* bars both Cook's and Spence's requests for relief, it is unnecessary to reach the other arguments made by defendants in their respective motions to dismiss.